## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| REBECCA J. GEISSINGER<br>1466 Democracy Drive NW<br>North Canton, Ohio 44720 | )<br>)<br>) | CASE NO.: |
| | ) | JUDGE: |
| Plaintiff, | )<br>) | |
| | ) | |
| v. | )<br>) | |
| CANTON POLICE AND FIREMEN'S CREDIT<br>UNION, INC.<br>c/o Statutory Agent<br>530 McKinley Avenue NW<br>Canton, Ohio 44702 | )<br>)<br>)<br>)<br>) | **COMPLAINT**<br>**(Jury Demand Endorsed Herein)** |
| | ) | |
| and | )<br>) | |
| COMMUNITY ONE CREDIT UNION OF<br>OHIO, INC.<br>c/o Statutory Agent Evelyn L. Canterbury<br>6583 Frank Ave NW<br>North Canton, Ohio 44720 | )<br>)<br>)<br>)<br>) | |
| | ) | |
| Defendants. | ) | |

Now comes Rebecca J. Geissinger ("Plaintiff"), by and through the undersigned counsel,

and for her Complaint alleges as follows:

### JURISDICTION

1.    Jurisdiction in this case is based on the existence of a federal question. This action arises

pursuant to the Fair Labor Standards Act, Title 29, United States Code, Section 201, et

seq. and 28 U.S.C. Sections 1331, as shown more fully in this Complaint.

2.    Supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367 as the state law claims

are so related to the claims within which this Honorable Court has original jurisdiction

"that they form part of the same case or controversy under Article III of the United States Constitution."

3.     Venue is conferred under 28 U.S.C. § 1391 (b) as a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Ohio.

## PARTIES

4.     Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

5.     Plaintiff Rebecca J. Geissinger is a United States citizen who resides in Akron, Summit County, Ohio. At all relevant times, she was employed by Defendant.

6.     Defendant Canton Police and Firemen's Credit Union, Inc. ("CPFCU") is an Ohio not-for-profit corporation with its principal place of business at 530 McKinley Avenue NW, Canton, Ohio 44702.

7.     Defendant Community One Credit Union of Ohio, Inc. ("C1CU") is an Ohio not-for-profit corporation with its principal place of business at 6583 Frank Avenue NW, North Canton, Ohio 44720.

## STATEMENT OF THE FACTS

8.     Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

9.     On March 8, 2010, Plaintiff began her employment with CPFCU.

10.    On March 9, 2010, Plaintiff executed an employment contract with CPFCU as the credit union's General Manager/CEO. (Exhibit 1).

11.    The employment contract specifically states that "anything over 40 hours weekly paid at 1 ½ times." (See Exhibit 1).

2

12.     For several years, Plaintiff was forced to work more than 40 hours per week, but

         CPFCU did not pay her for the excess hours worked.

13.     Plaintiff was a non-exempt employee.

14.     On January 13, 2017, Plaintiff's employment was terminated.

15.     During the course of her employment, Plaintiff accumulated paid time off ("PTO").

16.     Defendants refuse to pay Plaintiff her accrued PTO hours/overtime and other benefits,

         despite numerous demands.

17.     On June 30, 2017, CPFCU merged with C1CU. CPFCU merged out of existence,

         leaving C1CU as the surviving entity.

18.     Upon information and belief, C1CU fully assumed the debts of CPFCU.

### FIRST CAUSE OF ACTION
**(Violations of the Fair Labor Standards Act of 1938)**

19.     Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten

         herein.

20.     On March 8, 2010, Plaintiff began her employment with CPFCU.

21.     On March 9, 2010, Plaintiff executed an employment contract with CPFCU as the credit

         union's General Manager/CEO. (Exhibit 1).

22.     The employment contract specifically states that "anything over 40 hours weekly paid at

         1 ½ times." (See Exhibit 1).

23.     For several years, Plaintiff was forced to work more than 40 hours per week, but

         CPFCU did not pay her for the excess hours worked.

24.     Upon information and belief, Plaintiff worked, on average, a minimum of 55 hours per

         week (Defendants possess the actual hours).

25.     Plaintiff was a non-exempt employee.

26.     At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

27.     The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

28.     Defendants are subject to the overtime pay requirements of the FLSA because they are enterprises engaged in interstate commerce and their employees are engaged in commerce.

29.     CPFCU violated Sections 6 and 7 of the FLSA by failing to compensate Plaintiff for overtime hours in accordance with the FLSA.

30.     Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff.

31.     CPFCU acted willfully and knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA.

32.     CPFCU has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants did not act willfully in failing to pay overtime pay, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

33.    As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by CPFCU from Plaintiff. Accordingly, Defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

34.    **WHEREFORE**, Plaintiff demands compensatory damages of $500,000.00, liquidated damages of $500,000.00, attorneys' fees, costs, pre- and post-judgment interest, all wages and other economic benefits lost as a result of Defendants' unlawful acts and any other relief this Court may deem is fair and equitable.

## SECOND CAUSE OF ACTION
### (Violations of the Ohio Minimum Fair Wage Standards Act)

35.    Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

36.    On March 8, 2010, Plaintiff began her employment with CPFCU.

37.    On March 9, 2010, Plaintiff executed an employment contract with CPFCU as the credit union's General Manager/CEO. (Exhibit 1).

38.    The employment contract specifically states that "anything over 40 hours weekly paid at 1 ½ times." (See Exhibit 1).

39.    For several years, Plaintiff was forced to work more than 40 hours per week, but CPFCU did not pay her for the excess hours worked.

40.    Upon information and belief, Plaintiff worked, on average, a minimum of 55 hours per week (Defendants possess the actual hours).

41.    Plaintiff was a non-exempt employee.

42. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code §4111 *et seq*.

43. Defendants are subject to the overtime pay requirements of ORC §4111 *et seq*. because they are corporations doing business in the state of Ohio.

44. As a result of the aforesaid violations of the Ohio Minimum Fair Wage Standards Act overtime pay provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiff. Accordingly, Defendants are liable pursuant to ORC § 4111 *et seq*., together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

45. **WHEREFORE**, Plaintiff demands compensatory damages of $500,000.00, treble damages of $1,000,000.00, attorneys' fees, costs, pre- and post-judgment interest, all wages and other economic benefits lost as a result of Defendants' unlawful acts and any other relief this Court may deem is fair and equitable.

**THIRD CAUSE OF ACTION**
**(Breach of Contract)**

46. Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

47. On March 8, 2010, Plaintiff began her employment with CPFCU.

48. On March 9, 2010, Plaintiff executed an employment contract with CPFCU as the credit union's General Manager/CEO. (Exhibit 1).

49. The employment contract specifically states that "anything over 40 hours weekly paid at 1 ½ times." (See Exhibit 1).

50.     For several years, Plaintiff was forced to work more than 40 hours per week, but CPFCU did not pay her for the excess hours worked.

51.     Upon information and belief, Plaintiff worked, on average, a minimum of 55 hours per week (Defendants possess the actual hours).

52.     Defendants entered into a valid and binding agreement with Plaintiff and agreed to pay Plaintiff time and a half for all hours worked in excess of 40 hours per week.

53.     Defendants have failed to make payment to Plaintiff on the full amount owed for her unpaid wages.

54.     Defendants' failure to pay the full amount due Plaintiff, despite numerous demands, constitutes a material breach of their employment agreement with Plaintiff.

55.     As a result, Plaintiff has suffered damages of unpaid wages, plus interest, attorney's fees and costs, for which Defendants are liable.

56.     **WHEREFORE**, Plaintiff demands compensatory damages of $500,000.00, liquidated damages of $500,000.00, attorneys' fees, costs, pre- and post-judgment interest, all wages and other economic benefits lost as a result of Defendants' unlawful acts and any other relief this Court may deem is fair and equitable.

## FOURTH CAUSE OF ACTION
### (Unjust Enrichment)

57.     Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

58.     On March 8, 2010, Plaintiff began her employment with CPFCU.

59.     On March 9, 2010, Plaintiff executed an employment contract with CPFCU as the credit union's General Manager/CEO. (Exhibit 1).

60.   The employment contract specifically states that "anything over 40 hours weekly paid at 1 ½ times." (See Exhibit 1).

61.   For several years, Plaintiff was forced to work more than 40 hours per week, but CPFCU did not pay her for the excess hours worked.

62.   Upon information and belief, Plaintiff worked, on average, a minimum of 55 hours per week (Defendants possess the actual hours).

63.   Defendants failed to pay Plaintiff moneys owed for hours worked in excess of 40 hours per week.

64.   Defendants received the benefit of Plaintiff's work, without compensating Plaintiff. As a matter of equity, Defendants should not be allowed to prosper at Plaintiff's expense.

65.   The money Defendants owe Plaintiff as wages, all inured directly to Defendants' benefit by its nonpayment to Plaintiff for work done.

66.   Plaintiff should receive compensation to which Plaintiff is entitled in equity and Defendants should not be unjustly enriched by its nonpayment of wages to Plaintiff for the work he did.

67.   **WHEREFORE**, Plaintiff demands compensatory damages of $500,000.00, punitive damages of $500,000.00, attorneys' fees, costs, pre- and post-judgment interest, and any other relief this Court may deem is fair and equitable.

## FIFTH CAUSE OF ACTION
### (Violations of the Ohio Prompt Pay Act)

68.   Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

69.   On March 8, 2010, Plaintiff began her employment with CPFCU.

70.     On March 9, 2010, Plaintiff executed an employment contract with CPFCU as the credit
        union's General Manager/CEO. (Exhibit 1).

71.     The employment contract specifically states that "anything over 40 hours weekly paid at
        1 ½ times." (See Exhibit 1).

72.     For several years, Plaintiff was forced to work more than 40 hours per week, but
        CPFCU did not pay her for the excess hours worked.

73.     On January 13, 2017, Plaintiff's employment was terminated.

74.     During the course of her employment, Plaintiff accumulated paid time off ("PTO").

75.     Defendants refuse to pay Plaintiff her accrued PTO hours, although it is undisputed that
        she is owed such funds.

76.     Since the date of termination, Plaintiff has made numerous demands for her earned
        pay/benefits. Defendants refuse to pay.

77.     Under the Ohio Prompt Pay Act, "[e]very individual, firm, partnership, association, or
        corporation doing business in this state shall... pay all its employees the wages earned by
        them" no less often than twice per month. R.C. § 4113.15(A).

78.     Ohio Rev. Code § 4113.15(B) states "Where wages remain unpaid for thirty days
        beyond the regularly scheduled payday or, in the case where no regularly scheduled
        payday is applicable, for sixty days beyond the filing by the employee of a claim or for
        sixty days beyond the date of the agreement, award, or other act making wages payable
        and no contest[, ] court order or dispute of any wage claim including the assertion of a
        counterclaim exists accounting for nonpayment, the employer, in addition, as liquidated
        damages, is liable to the employee in an amount equal to six per cent of the amount of

the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater."

79.    **WHEREFORE**, Plaintiff demands compensatory damages of $500,000.00, liquidated damages of $500,000.00, attorneys' fees, costs, pre- and post-judgment interest, all wages and other economic benefits lost as a result of Defendants' unlawful acts and any other relief this Court may deem is fair and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully submitted,

**EDWARD L. GILBERT CO., LPA**

 /s/ Edward L. Gilbert
Edward L. Gilbert (0014544)
One Cascade Plaza, Suite 825
Akron, Ohio 44308
(330) 376-8855 Telephone
(330) 376-8857 Fax
*egilbert@edwardlgilbert.com*