IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| REBECCA J. GEISSINGER, | ) | CASE NO. 5:17-cv-01519 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | **DEFENDANT COMMUNITY ONE** |
| CANTON POLICE AND FIREMAN'S | ) | **CREDIT UNION OF OHIO, INC.'S** |
| CREDIT UNION, et al., | ) | **MOTION FOR JUDGMENT ON THE** |
| | ) | **PLEADINGS** |
| Defendants. | ) | |

Defendant, Community One Credit Union of Ohio, Inc. ("C1CU") through its undersigned counsel, moves this Court pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings. After considering the Complaint, Answer, and Exhibits attached to both, Plaintiff's allegations are legally insufficient to proceed and C1CU is entitled to judgment in its favor, as set forth in the attached Memorandum in Support.

Respectfully submitted,

_s/ Julie L. Juergens_

**JULIE L. JUERGENS (0066873)**
**REMA A. INA (0082549)**
GALLAGHER SHARP LLP
Sixth Floor - Bulkley Building
1501 Euclid Avenue
Cleveland, Ohio  44115
(216) 241-5310 (phone)
(216) 241-1608 (fax)
jjuergens@gallaghersharp.com
rina@gallaghersharp.com
*Counsel for Defendant*
*Community One Credit Union of Ohio, Inc.*

## MEMORANDUM IN SUPPORT

## I.    INTRODUCTION

Plaintiff Geissinger is a former employee of the now-defunct Canton Police and Firemen's Credit Union ("CPFCU").  Geissinger believes that CPFCU did not pay her all the wages she was owed when she worked there.  After Geissinger stopped working for CPCFU, C1CU took over all of CPFCU's assets.

Geissinger filed suit against both CPFCU and C1CU for lost wages, breach of contract, and unjust enrichment. However, per the Merger and Acquisition Agreement between C1CU and CPFCU, C1CU only acquired liabilities on CPFCU's financial statements and Plaintiff's unasserted claim was not on those statements.  Geissinger was never an employee of C1CU and C1CU is not responsible for any lost wages, breach of contract, or unjust enrichment claims Geissinger asserts against CPFCU.  Thus, C1CU is entitled to judgment on the pleadings on all counts in Geissinger's Complaint.

## II.    STATEMENT OF FACTS

### A.    *Geissinger worked at CPFCU from March 8, 2010 until January 13, 2017.*

Geissinger started working at CPFCU in Canton, Ohio on March 8, 2010.  (Complaint at ¶ 9).  The next day, Geissinger signed an employment contract with CPFCU.  (Complaint at ¶ 10; Employment Agreement, Exhibit 1 to Complaint).  Per the Employment Agreement, CPCFU agreed to pay Geissinger "anything over 40 hours weekly paid at 1 ½ times."  (Complaint at ¶ 11; Exhibit 1 to Complaint).   The Employment Agreement also provided that Geissinger could accumulate vacation and sick days and such benefits could be "paid in full at departure." (Exhibit 1 to Complaint).   On January 13, 2017, Geissinger was terminated from her employment with

CPCFU.  (Complaint at ¶ 14).  Later that year CPCFU sold its assets to C1CU.  (Merger and Acquisition Agreement, Exhibit A to Answer).

> **B.**     **C1CU Acquired CPFCU on June 30, 2017.**

On March 15, 2017, CPFCU entered into an agreement with C1CU to sell and transfer its assets.  (Exhibit A to C1CU's Answer).  CPFCU agreed to sell to C1CU its cash, investments, loan portfolio, real estate, furniture, supplies, etc., as of June 30, 2017.  (Exhibit A, Article I).

The Agreement also provided C1CU would assume only the debts and liabilities that CPFCU reflected on its books and financial statements as of the date of the closing of the Agreement. (Exhibit A, Article II).  Article IV of the Agreement, titled "Merging Credit Union's Representations and Warranties," specifically stated that CPFCU was not a party to any written or oral contract for the employment of any officer or individual employee.  (Exhibit A, Article IV, Section 4.07(A)).  CPFCU represented in the Agreement that it had "performed all of its obligations required to be performed by it under all contracts and agreements to which it is a party."  (Exhibit A, Article IV, Section 4.07(F)).

> **C.**     **Geissinger sued both CPFCU and C1CU for lost wages, breach of contract and unjust enrichment.**

In July 2017, Geissinger filed suit and named both CPFCU and C1CU as defendants claiming: violations of the Fair Labor Standards Act (Count I); violations of the Ohio Minimum Fair Wage Standards Act (Count II); Breach of Contract (Count III); Unjust Enrichment (Count IV); and Violations of the Ohio Prompt Pay Act (Count V).  Geissinger alleges that CPFCU did not pay her for excess hours worked and that she is owed overtime pay. (Complaint ¶¶ 23, 32, 44).  She further claims Defendants entered into "a valid and binding agreement" with her to pay her time and a half for hours worked in excess of 40 per week and that their failure to pay this overtime is a breach of contract. (Complaint ¶¶ 52, 54).  Geissinger also asserts Defendants have

been unjustly enriched because she worked extra hours for CPFCU but was not compensated for them.  (Complaint ¶ 64).  Geissinger did not attach any employment agreement or contract that included C1CU to her complaint.

## III.    LAW AND ARGUMENT

### A.      *Legal Standard: Fed. R. Civ. P. 12(c)*

The Federal Rules of Civil Procedure provide for the disposition of litigation when the pleadings are closed, but before discovery commences, if the allegations are legally insufficient to support a claim for relief.  Fed. R. Civ. P. 12(c).  Pleadings considered by the court in making a determination of legal sufficiency to proceed include the complaint, answer, and any written instruments attached to either as exhibits.  Fed.R.Civ.P.12(c);  Fed.R.Civ.P.7(a)(defining "pleadings" to include both the complaint and the answer);  *McGath v. Hamilton Local Sch. Dist*., 848 F.Supp.2d 831, 836-7 (S.D. Ohio 2012) (citing *Housing Authority Risk Retention Group, Inc. v. Chicago Housing Auth*., 378 F.3d 596, 600 (7th Cir. 2004)); *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001);  *Horsley v. Feldt*, 304 F.3d 1125, 1133-1135 (11th Cir. 2002); *Weiner v. Klais and Co., Inc*., 108 F.3d 86, 88 (6th Cir. 1997) (applying rule to motion to dismiss under Fed.R.Civ.P. 12(b)(6)).  "[M]atters of public record, orders, [and] items appearing in the record of the case . . . also may be taken into account."  *Amini,* 259 F.3d at 502 (6th Cir. 2001).

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is subject to the same standard applicable to motions to dismiss a complaint pursuant to Fed. R. Civ. P. 12(b)(6).  *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006).  "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly

entitled to judgment." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012).  The court need not, however, "accept as true conclusions of law or unwarranted inferences in the form of factual allegations." *Michael v. Javitch, Block & Rathbone, LLP*, 825 F. Supp 2d 913, 918 (N.D. Ohio 2011).

> **B.    C1CU Is Entitled to Judgment on the Pleadings as to the Wage Claims Because C1CU Was Not Geissinger's Employer and was Not on Notice of any Potential Liability When It Acquired CPFCU's Assets.**

C1CU is entitled to judgment on Count I of the Complaint, violations of the Fair Labor Standards Act of 1938, and Count II, violations of the Ohio Minimum Fair Wage Standards Act, because it was never Geissinger's employer and it was not on notice of any potential liability when it purchased assets from CPFCU on June 30, 2017.

Under the Ohio Minimum Fair Wage Standards Act, "[a]n *employer* shall pay an *employee* for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek * * * subject to the exemptions of section 7 and section 13 of the 'Fair Labor Standards Act of 1938'" * * *Weisfeld v. PASCO, Inc.*, 9th Dist. No. 26416, 2013-Ohio-1528, *21 quoting R.C. § 4111.03(A) (emphasis added).  It is clear C1CU was never Geissinger's employer.  Geissinger had been terminated for months by the time C1CU acquired CPFCU's assets.  Therefore, C1CU was and is not responsible for the rate and payment of Geissinger's wages when she worked at CPFCU.  Geissinger's state wage claim must fail.

As for the FLSA claim, in federal labor or employment cases, successor liability is considered to determine if a successor entity is liable for the acts of the predecessor.  *EEOC v. Northern Star Hospitality, Inc.*, 777 F.3d 898, 901-902 (7th Cir. 2015).  The first factor courts look at to determine the question of successorship is whether the successor company had notice

of the charge.  *Thompson v. Bruister & Assocs.,* 2013 U.S. Dist. Lexis 36057 *22-23 (M.D. Tenn. 2013) citing *EEOC v. MacMillan Bloedel Containers, Inc.,* 503 F.2d 1086 (6th Cir. 1974).

It is evident from the Merger and Acquisition Agreement attached to the Answer that C1CU lacked notice of Geissinger's charge when it acquired CPFCU's assets.  The Merger and Acquisition Agreement specifically stated that CPCFU "performed all of its obligations required to be performed by it under all contracts and agreement to which it is a party." (Exhibit A, Article IV, Section 4.07).  Thus, C1CU was not on notice of this potential claim from Geissinger when it acquired CPFCU's assets and is not liable for CPFCU's actions.  Judgment in C1CU's favor on the  FLSA claim against it is warranted.

**C.      *C1CU Is Entitled to Judgment as to the Breach of Contract Claim because It Was Not a Party to Any Contract with Plaintiff.***

C1CU is entitled to judgment on the Third Cause of Action in the Complaint, Breach of Contract, because it was not in a contract with Geissinger.

To recover for breach of contract claim against C1CU, Geissinger must prove: 1) the parties entered into an enforceable contract; 2) Geissinger performed each of her duties pursuant to the contract; 3) C1CU breached the terms of the contract; and 4) Geissinger suffered damages as a result the breach.  *Allstate Ins. Co. v. Pittman*, 2nd Dist. No. 26330, 2015-Ohio-699. Geissinger cannot satisfy even the first element of this analysis as C1CU never entered into a contract with her.  Simply put, she cannot maintain a breach of contract claim against an entity she never had a contract with.  Consequently, C1CU is entitled to judgment in its favor as to this claim.

**D**.    ***C1CU Is Entitled to Judgment as to the Unjust Enrichment Claim because It Did Not Receive Any Benefit from Plaintiff's Work.***

C1CU is entitled to judgment on the Fourth Cause of Action in the Complaint for Unjust Enrichment, because Geissinger never worked for C1CU and it did not benefit in any way from her work.

To recover under a theory of unjust enrichment, Geissinger must demonstrate: 1) a benefit conferred by Geissinger upon C1CU; 2) knowledge by C1CU of such benefit; and 3) retention of the benefit by C1CU under circumstances where it would be unjust to do so without payment.  *Guardian Tech Inc.* v. Chelm Props. Inc., 8th Dist. No. 80166, 2002-Ohio-4893, *10 citing *Hambleton v. R.G. Barry Corp.,* 12 Ohio St. 3d 179, 465 N.E.2d 1298 (1984).  An unjust enrichment claim is intended "not to compensate the plaintiff for any loss or damage suffered by him but to compensate him for the benefit he has conferred on a defendant." *Johnson v. Microsoft Corp*., 106 Ohio St.3d 278, 2005-Ohio-4985, ¶21, quoting *Hughes v. Oberholtzer*, 162 Ohio St. 330, 335, 123 N.E.2d 393 (1954).

Geissinger's unjust enrichment claim fails because any benefit she claims she conferred was terminated with her discharge from CPFCU before C1CU acquired CPFCU's assets.  C1CU has not benefited from Geissinger, had no knowledge of any benefit from Geissinger when it acquired CPFCU's assets, and has not retained any benefit from Geissinger.  If Geissinger truly worked overtime hours without compensation when she worked at CPCFU, as she alleges in her Complaint, her pleadings fail to allege C1CU benefited from that when it acquired CPFCU months after her termination.  C1CU is entitled to judgment for this claim.

E.    **C1CU Is Entitled to Judgment as to the Ohio Prompt Pay Act Claim because Geissinger has a Disputed Wage Claim.**

C1CU is entitled to judgment on the Fifth Cause of Action in the Complaint for Ohio Prompt Pay Act violations, because Geissinger has other wage claims—Count I for Violations of the Fair Labor Standards Act of 1938, Count II for Violations of the Ohio Minimum Fair Wage Standards Act, and Count III for Breach of Contract.

The Ohio Minimum Fair Wage Standards Act provides:

> Where wages remain unpaid for thirty days beyond the regularly scheduled payday or, in the case where no regularly scheduled payday is applicable, for sixty days beyond the filing by the employee of a claim or for sixty days beyond the date of the agreement, award, or other act making wages payable *and no contest court order or dispute of any wage claim including the assertion of a counterclaim exists accounting for nonpayment*, the *employer*, in addition, as liquidated damages, is liable to the employee in an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater.

*Haines & Co. v. Stewart*, 5th Dist. No. 2000CA00138, 2001 Ohio App. Lexis 597 *9-10, quoting R.C. § 4113.15(B) (emphasis added).  When a case constitutes a contest over a wage claim—which this case clearly does (see Counts I, II, and III)—the Prompt Pay Act does not apply.  *Id.* at *11.  Indeed, a legitimate dispute over the amount of wages makes R.C. § 4113.15 inapplicable.  *Baum v. Intertek Testing Servs.*, 2013 U.S. Dist. LEXIS 173039, *12, (N.D. Ohio, 2013).  In addition, for the reasons listed above, C1CU was never Geissinger's employer and is not responsible for paying her wages.  And, C1CU is entitled to judgment in its favor as to this claim.

## IV.    CONCLUSION

For the foregoing reasons, C1CU is entitled to judgment on the pleadings as to every count in Plaintiff's Complaint.

Respectfully submitted,

_s/ Julie L. Juergens_
**JULIE L. JUERGENS (0066873)**
**REMA A. INA (0082549)**
GALLAGHER SHARP LLP
Sixth Floor - Bulkley Building
1501 Euclid Avenue
Cleveland, Ohio  44115
(216) 241-5310 (phone)
(216) 241-1608 (fax)
jjuergens@gallaghersharp.com
rina@gallaghersharp.com

*Counsel for Defendant*
*Community One Credit Union of Ohio, Inc.*


## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2017 the foregoing Motion for Judgment on the Pleadings was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

_s/ Julie L. Juergens_
**JULIE L. JUERGENS (0066873)**
**REMA A. INA (0082549)**
*Counsel for Defendant*
*Community One Credit Union of Ohio, Inc.*