IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **REBECCA J. GEISSINGER,** | ) | **CASE NO. 5:17-cv-1519-JRA** |
| | ) | |
| **Plaintiff,** | ) | **MAGISTRATE JUDGE** |
| | ) | **KATHLEEN B. BURKE** |
| **v.** | ) | |
| | ) | **DEFENDANTS OPPOSITION TO** |
| **CANTON POLICE AND FIREMEN'S** | ) | **PLAINTIFF'S MOTION IN LIMINE TO** |
| **CREDIT UNION, INC., et al.,** | ) | **EXCLUDE IMPROPER CHARACTER** |
| | ) | **EVIDENCE** |
| **Defendants.** | ) | |
| | ) | |

Now come Defendants and hereby oppose Plaintiff Rebecca Geissinger's Motion in Limine to exclude improper character evidence.

## I.    Introduction

Plaintiff seeks an order to prevent Defendants from presenting extrinsic evidence of specific instances of misconduct to impeach Plaintiff's character or to present any character evidence about Plaintiff. (Doc. #40).   Specifically, Plaintiff does not want Defendants to introduce evidence that she stole credit union funds which led to her termination with Defendant Canton Police and Firemen's Credit Union.   While Defendants may not present extrinsic evidence of specific instances of Plaintiff's conduct, Defendants are permitted to question Plaintiff about this instance on cross-examination.

## II.    Defendants may cross-examine Plaintiff regarding instances of untruthful conduct.

Fed. R. Evid. 607 states: "Any party… may attack the witness's credibility."  A witness's credibility may be attacked with testimony regarding the witness's reputation for being untruthful.  Fed. R. Evid. 608(a).  And Defendants may cross-examine Plaintiff regarding specific instances of untruthful conduct.  *Lewis v. Heartland Inns of America, L.L.C.,* 2010 WL 11509063* 1 (S.D. Iowa).  Under Fed. R. Evid. 608(b), the court may allow inquiry into specific instances of misconduct on cross-examination if they are "probative of the character for truthfulness" of the witness.  *Mims v. Federal Express Corp.,* 2015 WL 12711651 *4 (C.D. California).

## III.    Stealing and forgery are probative of untruthfulness.

Plaintiff claims in an uncited statement: "Alleged crimes related to theft have nothing to do with truthfulness."  (Doc. #40 at p. 3).  Plaintiff is incorrect.  "Stealing is probative of untruthfulness." *Young v. James Green Management Inc.,* 327 F.3d 616, 627 (7th Cir. 2003).  "In detailing the types of conduct 'which are probative of the witness's truthfulness or untruthfulness,' one treatise listed acts such as forgery, bribery, misrepresentation, fraud, perjury, receipt of stolen property, robbery, and theft." *Lopez-Easterling v. Charter Communications, LLC,* 2017 WL 6383985, fn 2 (N.D. Alabama) quoting 4-608 *Weinstein's Federal Evidence* § 608.22.

In addition, evidence of an employee stealing from her employer is relevant in a FLSA case: "[Plaintiffs] stealing from their employer is probative of their truthfulness, especially in [a] case where their estimates of hours worked will be an essential issue presented to the jury." *Bauer v. Singh,*  2011 WL 320189 *2 (S.D. Ohio).  *See also Varhol v. National R.R. Passenger*

2

*Corp.,* 909 F.2d 1557, 1566 (7th Cir. 1990) (Court found Plaintiff's conduct of buying and using stolen train tickets from his boss to be probative of his "character for truthfulness or untruthfulness" under Fed. R. Evid.608(b)); *Young, supra.*(Court allowed counsel to question witness whether his former employer accused him of stealing documents).

Furthermore, Defendants can cross-examine Plaintiff regarding the theft of funds if Plaintiff "opens the door" (i.e. attempting to establish what kind of employee Plaintiff was). *See United States v. Anifowoshe,* 307 F.3d 643, 649 (7th Cir.2002) ("[W]hen a party questions a witness on a subject, even though that subject may not be strictly relevant to the case, the party cannot complain on appeal if the opposing party subsequently introduces evidence on the same subject").

## IV.    Conclusion

Defendants may cross-examine the Plaintiff regarding the specific instance of when she stole credit union funds.  Evidence of theft and fraud are probative of Plaintiff's character for truthfulness and are permitted under Fed. R. Evid. 608(b) and should not be excluded.

Respectfully submitted,

s/Rema A. Ina
**JULIE L. JUERGENS (0066873)**
**REMA A. INA (0082549)**
GALLAGHER SHARP LLP
Sixth Floor - Bulkley Building
1501 Euclid Avenue
Cleveland, Ohio  44115
(216) 241-5310 (phone)
(216) 241-1608 (fax)
jjuergens@gallaghersharp.com
rina@gallaghersharp.com
*Counsel for Defendants*

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 21, 2018 the foregoing Opposition to the Motion in Limine was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.


          s/Rema A. Ina
**JULIE L. JUERGENS (0066873)**
**REMA A. INA (0082549)**
*Counsel for Defendants*